IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 08, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
         DEPUTY CLERK

| | |
|---|---|
| **CHARLES JERALL SMITH,** ) | |
| Plaintiff, ) | Case No. 7:23-cv-00756 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **CHAD T. LARD, et al.,** ) | Chief United States District Judge |
| Defendants. ) | |

**MEMORANDUM OPINION**

Charles Jerall Smith, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against Dr. Chad Lard and Dr. Anne Horst. The case is presently before the court for review under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e. For the following reasons, the court concludes that the complaint must be dismissed for failure to state a claim upon which relief may be granted.

**Background**

Smith is incarcerated at Marion Correctional Treatment Center. He alleges that he had a "sick call visit" with Dr. Lard on August 23, 2023, during which he informed Dr. Lard "that a Virginia Department of Corrections (hereinafter 'VDOC') security computer program is being used against [him] causing [him] to experience extremely heavy weight in the right side of [his] body and back," and pain in his lower back, legs, neck, anus, and rectum. Compl., ECF No. 1, at 4. Smith also advised Dr. Lard that the computer program causes him to hear "live human intelligent people talking" to him and that he sees computer images when he closes his eyes. Id. According to the complaint and its attached exhibits, Dr. Lard prescribed Sinemet for his physical symptoms. Id.; see also Compl. Ex. 2, ECF No. 1-1.

On September 19, 2023, Smith had a telehealth appointment with Dr. Horst. Id. During the appointment, Smith voiced the same complaints regarding the purported effects of a computer program. Id. Smith alleges that Dr. Horst prescribed a psychotropic medication. Id.

Smith asserts that the prescribed medications are "not working" and that "Dr. Lard and Dr. Horst are refusing to recognize [his] complaints of a VDOC security computer program being used against [him] so they can contact the heads of security." Id.; see also id. at 5 (alleging that "the VDOC's doctors and nurses are trained to recognize whether the VDOC's security computers are being used, and are directed to report any wrongful use of the VDOC's security computers"). Smith further asserts that the security computers are now being used to "stimulat[e] the nerves [in his] anus and rectum to simulate homosexual activity" and that unidentified "users" are "using the computers to attempt to murder [him]" and "make [his] death look like an accident." Id. at 5. He alleges that he is experiencing difficulties standing, walking, and sleeping as a result of the "security computer users controlling the computers" and that the left side of his jaw "makes a clicking nose and feels dislocated because of the computers." Id.

Based on the foregoing allegations, Smith seeks relief under 42 U.S.C. § 1983 for alleged violations of his rights under the Eighth and Fourteenth Amendments. Id. at 4. He requests that the prescription of psychotropic medications be discontinued and that the computer "be shut off of [him]." Id.

## Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or officer, 28 U.S.C. § 1915A(a), or challenges prison conditions, 42 U.S.C. § 1997e(c)(1). The court must "dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which

2

relief may be granted." 28 U.S.C. § 1915A(b)(1); see also 42 U.S.C. § 1997e(c)(1) (providing that the court must "dismiss any action brought with respect to prison conditions . . . by a prisoner . . . if the court is satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief can be granted"). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Smith claims that Dr. Lard and Dr. Horst violated the Eighth Amendment to the United States Constitution. "The Eighth Amendment, which is applicable to the States through the Fourteenth Amendment, prohibits the infliction of 'cruel and unusual punishments.'" Anderson v. Kingsley, 877 F.3d 539, 543 (4th Cir. 2017) (quoting U.S. Const. amend. VIII). "Under the Eighth Amendment, prisoners have the right to receive adequate medical care while incarcerated." DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018) (citing Scinto v. Stansberry, 841 F.3d 219, 236 (4th Cir. 2016)). They also have a right to "humane conditions of

confinement." Farmer v. Brennan, 511 U.S. 825, 832 (1994). A constitutional violation occurs "[w]hen a prison official demonstrates 'deliberate indifference' to an inmate's serious medical needs," DePaola, 884 F.3d at 486, or to "conditions posing a substantial risk of serious harm," Farmer, 511 U.S. at 834.

To establish a violation of the Eighth Amendment, an inmate must satisfy two elements. "First, the deprivation alleged must be, objectively, sufficiently serious." Id. (internal quotation marks and citation omitted). Second, the inmate must show that the defendants acted with a "sufficiently culpable state of mind." Id. In cases challenging prison conditions or the denial of medical care, "that state of mind is one of 'deliberate indifference.'" Id. An official acts with deliberate indifference "only when he or she subjectively 'knows of and disregards an excessive risk to inmate health or safety.'" Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (quoting Farmer, 511 U.S. at 837). A mere "disagreement between an inmate and a physician over the inmate's proper medical care . . . fall[s] short of showing deliberate indifference." Id. (internal quotation marks, brackets, and citation omitted). Rather, "the treatment given must be 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Hixson v. Moran, 1 F.4th 297, 303 (4th Cir. 2021) (quoting Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990)).

Applying these principles, the court concludes that Smith's complaint fails to state a viable Eighth Amendment claim against Dr. Lard or Dr. Horst. Even assuming that Smith's medical needs are sufficiently serious to satisfy the objective component, he does not plausibly allege that either defendant acted with deliberate indifference to his serious medical needs. Smith acknowledges that the defendants prescribed medications for his physical and mental health conditions. Although Smith may be dissatisfied with the course of treatment chosen by the

4

defendants, he does not allege facts from which the court could reasonably infer that the treatment provided was "so grossly incompetent, inadequate, or excessive as to shock the conscience." Miltier, 896 F.2d at 851. To the extent that Smith faults Dr. Lard and Dr. Horst for not intervening to stop the purported use of computer programs against him, his allegations in this regard appear to be frivolous and otherwise fail to state a claim against the defendants. See Hecker v. Central Intelligence Agency, No. 2:21-cv-02701, 2022 WL 196281, at *5 (E.D. Pa. Jan. 20, 2022) (noting that courts "routinely dismiss allegations that . . . governmental agencies or officials are targeting individual citizens with the intention to track, surveil, monitor, attack, or torture these individuals with directed energy weapons, microwave radiation, satellite technology, and the like as factually frivolous") (collecting cases).

## Conclusion

For the foregoing reasons, the court concludes that Smith's complaint must be dismissed for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

Entered: January 8, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.01.08 12:42:27 -05'00'

Michael F. Urbanski
Chief United States District Judge